LOUISIANA HEALTH SERVICE & IN-
DEMNITY COMPANY d/b/a Blue
Cross and Blue Shield of Louisiana,

v.

RAPIDES HEALTHCARE SYSTEM
and State of Louisiana, ex rel. Rich-
ard P. Ieyoub, Attorney General for
the State of Louisiana.

No. Civ.A.00–694–D.

United States District Court,
M.D. Louisiana.

April 15, 2002.

Verne Thomas Clark, Jr., Preis & Craw-
ford, John M. Madison, III, Breazeale,
Sachse & Wilson, James Russell Lewis,
Crawford & Lewis, Baton Rouge, LA,
Howard Shapiro, Heather Gail Magier,
Shook, Hardy & Bacon, LLP, New Or-
leans, LA, for plaintiff.

Amelia Williams Koch, Eugene Peter
Urbanowicz, Jr., Steven F. Griffith, Jr.,
Locke, Liddell & Sapp, Donna DiMartino
Fraiche, Locke, Purnell, Rain & Harrell,
New Orleans, LA, Jerry K. Clements,
James R. Nelson, Dallas, TX, Jenifer Li-
vaccari Lemmon, Livaccari Villarrubia
Lemmon, LLC, Boutte, LA, Isabel Bar-
back Wingerter, Attorney General's Office,
Baton Rouge, LA, for defendants.

## *RULING ON MOTION FOR SUMMARY JUDGMENT.*

BRADY, District Judge.

This matter is before the court on a motion for summary judgment (doc. 50) filed by the plaintiff, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Blue Cross"). The motion is opposed, and *amicus curiae* briefs have been filed on behalf of the defendants by the Louisiana Department of Insurance and the Louisiana Hospital Association. Subject matter jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the interpretation of the Employee Retirement Income Security Act, 29 U.S.C. § 1101, et seq. ("ERISA") is necessary for resolution of the dispute.

Blue Cross filed this lawsuit seeking a declaration that ERISA preempts the provisions of La. R.S. 40:2010 (the "Louisiana Assignment Statute") as applied to employee benefit plans governed by ERISA and insured or administered by Blue Cross. The lawsuit was filed because the Louisiana Department of Insurance, acting upon complaints submitted by defendant Rapides Healthcare System ("Rapides"), had issued findings that health insurance policies issued or administered by Blue Cross violated various state laws, including the Louisiana Assignment Statute. Blue Cross seeks a declaratory judgment based on ERISA's broad preemption provision in order to prevent actions being brought against it for violation of the Louisiana statute.

### *FACTUAL BACKGROUND*

Blue Cross underwrites, provides, and administers various forms of health care service plans for individual and group members who become subscribers. A portion of the health benefit plans that Blue Cross insures and administers are employee welfare benefit plans governed by ERISA. ERISA defines an "employee welfare benefit plan" as one "established or maintained by an employer or by an employee organization" for the purpose of providing employees with "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death," whether these benefits are provided "through the purchase of insurance or otherwise." *See* 29 U.S.C. § 1002(1).

As part of its plan administration, Blue Cross enters into individual and group contracts to provide health benefits to subscribers and also enters into contracts with various health care providers for the provision of health care services to its subscribers. When Blue Cross has a contract with a health care provider that includes a provision allowing for direct payment to the provider, then Blue Cross will make payment directly to that provider. However, Blue Cross' insurance contracts all provide that, in the absence of such an agreement with the provider for direct payment, Blue Cross will pay benefits only to the subscriber (the patient), and it will not recognize the patient's attempted assignment of benefits to the provider. Therefore, Blue Cross will pay a hospital or provider directly only if such hospital or provider has an agreement with Blue Cross for direct payment. Otherwise, Blue Cross will only pay benefits to the patient, and then it is the patient's responsibility to make sure that the provider is paid.

Blue Cross' refusal to recognize certain assignments of benefits by patients is included as a provision in its contracts for health benefit plans, including its ERISA plans. Although ERISA establishes uniform procedural standards concerning reporting, disclosure, and fiduciary responsibility of plan administrators, it does not regulate the substantive content and terms of employee benefit plans. *See Metropoli-*

*tan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). ERISA requires that an employee benefit plan be administered "in accordance with the documents and instruments governing the plan." See 29 U.S.C. § 1104(a)(1)(D). Therefore, Blue Cross argues that, in order to comply with ERISA, it must act in accordance with its ERISA plan provisions and refuse to honor assignments of benefits to providers that do not have a contract with Blue Cross.

However, Blue Cross' refusal to honor assignments is in direct conflict with the Louisiana Assignment Statute, La. R.S. 40:2010, which requires Blue Cross and other insurers to honor all patients' assignments of benefits, even if the benefits are assigned to a provider that does not have a contract with Blue Cross providing for direct payment. Section 2010, entitled "Itemized statement of billed services by hospitals," appears within Title 40 of the Louisiana Revised Statutes, "Public Health and Safety," Chapter 11, "State Department of Hospitals," Part I, "Organization and Powers," and provides in its entirety:

Not later than ten business days after the date of discharge, each hospital in the state which is licensed by the Department of Health and Hospitals shall have available an itemized statement of billed services for individuals who have received the services from the hospital. The availability of the statement shall be made known to each individual who receives service from the hospital before the individual is discharged from the hospital, and a duplicate copy of the billed services statement shall be presented to each patient within the specified ten day period. *No insurance company, employee benefit trust, self-insurance plan, or other entity which is obligated to reimburse the individual or to pay for him or on his behalf the charges for the services rendered by the hospital shall pay those benefits to the individual when the itemized statement submitted to such entity clearly indicates that the individual's rights to those benefits have been assigned to the hospital. When any insurance company, employee benefit trust, self-insurance plan, or other entity has notice of such assignment prior to such payment, any payment to the insured shall not release said entity from liability to the hospital to which the benefits have been assigned, nor shall such payment be a defense to any action by the hospital against that entity to collect the assigned benefits.* However, an interim statement shall be provided when requested by the patient or his authorized agent. (emphasis added).

The italicized language is the focus of this lawsuit. Blue Cross argues that it cannot comply with both ERISA and La. R.S. 40:2010, and therefore, it asks this court to find that ERISA preempts the provisions of La. R.S. 40:2010 with respect to ERISA plans insured or administered by Blue Cross.

However, the State of Louisiana and Rapides (collectively "the defendants") argue that Blue Cross should not be permitted to violate Louisiana insurance law simply by "uttering the phrase ERISA preemption." They argue that the assignment of insurance benefits has long been a custom and tradition in the insurance industry, respected by insurance companies, protected by the Commissioner of Insurance, and mandated by state law. In fact, Blue Cross honored assignments of insurance benefits up until a little over a year ago. The defendants argue that Blue Cross is now refusing to honor assignments in an effort to punish its insured members who desire the freedom to select their own health care providers, rather than using only health care providers that have a contract with Blue Cross. The

defendants assert that ERISA does not preempt the Louisiana Assignment Statute because the Assignment Statute promotes the goals and purpose of ERISA and falls within the scope of state law which Congress never intended ERISA to preempt.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Although this court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *see also* Fed. Rule Civ. P. 56(c).

## ANALYSIS

ERISA contains a broad preemption provision declaring that the federal statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *See* 29 U.S.C. § 1144(a). Courts have interpreted this preemption clause expansively, observing that it was intended to displace all state laws that fall within its sphere and that its language was designed "to establish ... plan regulation as exclusively a federal concern." *CIGNA Healthplan of Louisiana, Inc. v. State of Louisiana, ex rel. Ieyoub,* 82 F.3d 642, 646 (5th Cir.1996) (quoting *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990)). The phrase "relate to" has been given a commonsense meaning, and a state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Metropolitan Life,* 471 U.S. at 739, 105 S.Ct. 2380. It has repeatedly been held that ERISA preempts state laws that mandate employee benefit structures or their administration. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *see also CIGNA Healthplan,* 82 F.3d at 647.

For example, the Fifth Circuit has held that ERISA preempts "any willing provider" statutes, which are statutes mandating that no licensed health care provider who agrees to the terms and conditions of a preferred provider contract shall be denied the right to become a preferred provider. In *CIGNA Healthplan of Louisiana, Inc. v. State of Louisiana, ex rel. Ieyoub,* the Fifth Circuit found that Louisiana's "any willing provider" statute "related to" an ERISA plan because it specifically referred to entities that constituted ERISA-qualified plans and because it mandated the structures of employee benefit plans. *See CIGNA Healthplan,* 82 F.3d at 647–648. ERISA plans that chose to offer coverage by preferred provider organizations (PPOs) were limited by the Louisiana statute to using PPOs of a certain structure, i.e., a structure that included every willing, licensed provider. *Id.* at 648. The court found that the statute mandated that certain benefits available to ERISA plans be constructed in a particular manner, and therefore, the statute delineated the very structure of ERISA plans and impermissi-

bly bound plan administrators to a particular structure. *Id.* at 649.

Blue Cross argues that the Louisiana Assignment Statute attempts to bind it to a particular choice of rules as to how to pay health care benefits. Blue Cross claims that the Assignment Statute commands it to pay benefits in accordance with state law, rather than "in accordance with the documents and instruments governing the plan." Therefore, according to Blue Cross, there is an impermissible conflict between the state law and ERISA, and the state law must be preempted.

Although the Supreme Court has interpreted the language of ERISA's preemption clause broadly, it has recognized in more recent cases that "the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes preemption would never run its course.'" *Egelhoff v. Egelhoff, ex rel. Breiner*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001); *Travelers*, 514 U.S. at 655, 115 S.Ct. 1671. The Court has found that some state laws may affect employee benefit plans in too tenuous, remote, or peripheral a manner to justify a finding that the law "relates to" the plan. *See CIGNA Healthplan*, 82 F.3d at 647; *see also Shaw*, 463 U.S. at 100, 103 S.Ct. 2890. The defendants argue that, in a trilogy of recent cases,[1] the Supreme Court has begun to move away from a broad reading of ERISA's preemption clause and toward a more traditional analysis of preemption.

For example, in the first of the three cases, a unanimous Supreme Court held that ERISA does not preempt state laws that have only an indirect economic effect on the relative costs of various health insurance packages available to ERISA-qualified plans. *See Travelers*, 514 U.S. at 668, 115 S.Ct. 1671. This is because an indirect economic influence does not bind plan administrators to any particular choice; and therefore, it does not function as a regulation of an ERISA plan itself. *Id.* at 659, 115 S.Ct. 1671.

The defendants argue that, with these three cases, the Supreme Court has begun to narrow the broad scope of ERISA preemption. They point out that in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, the Supreme Court noted that it never assumes lightly that Congress has derogated state regulation, but instead begins with the presumption that Congress does not intend to supplant state law. *Id.* at 654, 115 S.Ct. 1671. The Court further stated that, in areas of traditional state regulation, it works on the "assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id.* at 654, 115 S.Ct. 1671. The Court also recognized that, in determining whether a state law has a forbidden connection with ERISA plans, it is necessary to go beyond the unhelpful text of the preemption clause and look instead to "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Egelhoff*, 532 U.S. at 147, 121 S.Ct. 1322; *Travelers*, 514 U.S. at 656, 115 S.Ct. 1671.

The defendants argue that, instead of applying an all encompassing and

---

**1.** *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997); *De Buono v. NYSA– ILA Medical and Clinical Services Fund*, 520 U.S. 806, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997).

unrestricted rule of preemption, courts should consider the intent and purpose of ERISA and the specific facts of the case to determine whether a state law relates to an ERISA plan in some way and whether it should be deemed preempted because of an impermissible interference with the scheme of the ERISA statute. This court agrees with the defendants. One of Congress' goals in enacting ERISA was to enhance the health and welfare benefits of employees, and the Louisiana Assignment Statute should not be preempted because it does not interfere with this goal but, in fact, facilitates it. The Fifth Circuit has specifically recognized that an assignment of benefits to a health care provider facilitates rather than hampers the employee's receipt of health benefits. *See Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286 (5th Cir.1988). First of all, it keeps the employee from having to pay health care costs up front out of his own pocket. Furthermore, health care providers are better equipped and financed to pursue an action for the payment of benefits. The honoring of benefit assignments to health care providers promotes efficiency in plan administration by streamlining the claims process and removing the patients from the payment process.

Not only does the Louisiana Assignment Statute facilitate and promote the goals of ERISA, it also constitutes a general health care regulation and is within the scope of state law that Congress did not intend ERISA to preempt. The Supreme Court has stated that general health care regulation has historically been a matter of local concern and that there is nothing in the language of ERISA to indicate that Congress intended to displace such general health care regulation. *See Travelers,* 514 U.S. at 661, 115 S.Ct. 1671. In fact, ERISA is completely silent on the issue of the assignability of benefits in insurance plans. ERISA specifically sets forth a prohibition against the assignment of em-

ployee pension benefits, but Congress chose not to include a parallel bar against the assignability of health care benefits. Congress' silence on the issue of the assignability of health care benefits gives rise to an inference that Congress intended to treat such benefits differently, and that Congress does not intend to enact a policy precluding their assignability. *See Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 836–37, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *see also Hermann Hosp.,* 845 F.2d at 1289.

Based on Congress' decision to remain silent on the issue, the Fifth Circuit has specifically found that ERISA permits assignments of health care benefits. *Hermann Hosp.,* 845 F.2d at 1289. Therefore, there is no conflict between ERISA and the Louisiana Assignment Statute. ERISA's silence on the issue of the assignability of health care benefits indicates that Congress intended to allow the states to make their own decisions regarding assignability.

Blue Cross points out that other circuits have refused to interpret ERISA's silence on the issue of assignability of health care benefits as an invitation to the states to adopt their own rules pertaining to assignability. *City of Hope National Medical Center v. Healthplus, Inc.,* 156 F.3d 223, 229 (1st Cir.1998); *St. Francis Regional Medical Center v. Blue Cross & Blue Shield of Kansas,* 49 F.3d 1460, 1464 (10th Cir.1995). Instead, they interpret ERISA's silence as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties. However, this court does not subscribe to the reasoning espoused by those circuits. The assignability of health care benefits has historically been a matter of local concern, and this court finds that Congress did not intend for ERISA to preempt state laws concerning assignability. Congress'

silence on the issue, when considered along with the goals and objectives of ERISA, indicates that the Louisiana Assignment Statute should not be preempted by ERISA.

Blue Cross also argues that a recent Supreme Court case, *Egelhoff v. Egelhoff*, mandates a finding of ERISA preemption in the instant case. At issue in *Egelhoff* was a Washington statute that provided that the designation of a spouse as the beneficiary of a nonprobate asset (which included employee benefit plans) would be automatically revoked upon divorce. *Egelhoff v. Egelhoff, ex rel. Breiner*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). The Supreme Court held that ERISA preempted the state beneficiary designation statute to the extent it applied to ERISA plans. *Id.* at 147, 121 S.Ct. 1322. The statute required ERISA plan administrators to pay beneficiaries chosen by state law, rather than the beneficiaries identified in the plan documents. Therefore, the Court concluded that the statute had an impermissible connection with ERISA plans because it bound plan administrators to a particular choice of rules for determining beneficiary status. *Id.* at 147, 121 S.Ct. 1322.

Blue Cross asserts that the Louisiana Assignment Statute, like the statute at issue in *Egelhoff*, purports to bind an ERISA plan administrator to a particular choice of rules concerning the payment of benefits. However, this court does not agree and instead finds that *Egelhoff* does not require a finding of preemption in this case. In *Egelhoff*, the Court found that the state statute was preempted because it violated ERISA's requirement that the plan be administered "in accordance with the documents and instruments governing the plan," making payments to a "beneficiary" who is "designated by a participant,

or by the terms of [the] plan." *Id.* at 147, 121 S.Ct. 1322; *see also* 29 U.S.C. § 1104(a)(1)(D); *see also* 29 U.S.C. § 1002(8). The Washington statute at issue in *Egelhoff* provided that a plan participant's designation of a beneficiary would automatically be invalidated by operation of state law, without any affirmative act by the participant, and in spite of any existing designation in the documents and instruments governing the plan. Therefore, the statute effectively allowed the state of Washington to designate the beneficiary to receive plan benefits, in contravention of ERISA.

However, the Louisiana Assignment Statute is different because it does not invalidate, revoke, or alter a plan participant's designation of a beneficiary. A "beneficiary" is "a person[2] designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *See* 29 U.S.C. § 1002(8). An assignment of benefits is a designation of a beneficiary by a plan participant as contemplated by ERISA's definition of "beneficiary." This is because a participant's assignment of benefits to his health care provider makes the assignee a person who is "entitled to a benefit" under the plan. *Kennedy v. Connecticut General Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir.1991). Such a designation is expressly permitted by ERISA. The Louisiana Assignment Statute only becomes applicable when a plan participant has made such an affirmative designation, through the assignment of his benefits. Therefore, the statute does not allow the state of Louisiana to designate the beneficiary, as occurred in *Egelhoff*, but rather the Assignment Statute honors a designation made by a participant, as expressly contemplated by ERISA.

---

**2.** Under 29 U.S.C. § 1002(9), the term "person" includes natural persons and juridical persons such as corporations and other entities.

Because ERISA already requires Blue Cross, as a plan administrator, to make payments to a beneficiary designated by a plan participant, the Louisiana Assignment Statute does not conflict with ERISA. At most, the statute has only an indirect economic effect on ERISA plans because it takes away some of Blue Cross' bargaining power when negotiating to attract new health care providers to join its network. Such an indirect economic effect is not sufficient to justify a finding that the statute "relates to" an ERISA plan. See *Travelers*, 514 U.S. at 668, 115 S.Ct. 1671.

Therefore, after considering the intent and purpose of ERISA as well as the nature of the effect that the Louisiana Assignment Statute has on ERISA plans, the court finds that ERISA does not preempt the Louisiana Assignment Statute, La. R.S. 40:2010, as applied to employee benefit plans insured or administered by Blue Cross.

Furthermore, the court finds that the language of Blue Cross' health care plans requires that Blue Cross honor a patient's assignment of benefits. This is because the anti-assignment provisions in the Blue Cross plans state that assignments of benefits will not be honored "except as required by law." ERISA is silent on the issue of assignment of health care benefits, and therefore, "except as required by law" must necessarily refer to requirements of state law, including Louisiana's requirement in La. R.S. 40:2010 that assignments of benefits are honored.

Moreover, Blue Cross' policies issued in Louisiana contain a clause providing that any policy term that conflicts with state law is amended to conform to state law. As a result, Blue Cross' anti-assignment provision is automatically amended, by the terms of the policy, to conform to the requirements of the Louisiana Assignment Statute, and Blue Cross is required to honor assignments of benefits.

Accordingly, the motion for summary judgment (doc. 50) filed by the plaintiff, Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, is hereby DENIED.